SQUIRE PATTON BOGGS (US) LLP
Michael W. Kelly (State Bar # 214038)
michael.kelly@squirepb.com
Michelle M. Full (State Bar # 240973)
michelle.full@squirepb.com
Suzanne S. Orza (State Bar # 312906)
suzy.orza@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California  94111
Telephone:      +1 415 954 0200
Facsimile:      +1 415 393 9887

Attorneys for Defendant
CINTAS CORPORATION NO. 3

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATO WILLIAMS on behalf of himself, all others similarly situated, and on behalf of the general public, <br><br> Plaintiff, <br><br> v. <br><br> CINTAS CORPORATE SERVICES, INC.; CINTAS CORPORATION NO. 2; CINTAS CORPORATION NO. 3; and DOES 1-100, <br><br> Defendants. | Case No. 3:17-cv-1623 <br><br> [Alameda County Superior Court Case No. RG17847009] <br><br> **NOTICE OF REMOVAL TO FEDERAL COURT** |

**TABLE OF CONTENTS**

I.    SUMMARY OF COMPLAINT ................................................................................. 5

II.   REMOVAL IS TIMELY ....................................................................................... 7

III.  DIVERSITY OF CITIZENSHIP EXISTS ........................................................... 7

    1.    Plaintiff is a Citizen of California ............................................................ 7

    2.    Defendant Cintas is Not a Citizen of California .................................... 8

IV.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED ........... 9

  A.    The Amount in Controversy Exceeds $75,000 .................................... 11

V.    VENUE IS PROPER ........................................................................................ 16

VI.   ALL NOTICE AND PROCEDURAL REQUIREMENTS HAVE BEEN MET.................. 16

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

NOTICE OF REMOVAL TO FEDERAL COURT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrego v. The Dow Chemical Co.*,
443 F.3d 676 (9th Cir. 2006)...........................................................................................11

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
465 F.2d 489 (9th Cir. 1972)...........................................................................................11

*Barboza v. W. Coast Digital GSM, Inc.*,
2011 Cal. App. Unpub. LEXIS 2187, 2011 WL 1051275 (Mar. 24, 2011).............................15

*Brady v. Mercedes-Benz USA, Inc.*,
243 F. Supp. 2d 1004 (N.D. Cal. 2002) ............................................................................11

*Cain v. Hartford Life & Acc. Ins. Co.*,
890 F. Supp. 2d 1246 (C.D. Cal. 2012)........................................................................11, 15

*Coleman v. Estes Express Lines, Inc.*,
730 F. Supp. 2d 1141 (C.D. Cal. 2010)............................................................................11

*Galt G/S v. JSS Scandinavia*,
142 F. 3d 1150 (9th Cir. 1998)........................................................................................15

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) ..........................................................................................................9

*Hunt v. Wash. State Apple Advertising Comm'n*,
432 U.S. 333 (1977) .......................................................................................................10

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001)............................................................................................8

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983)...........................................................................................8

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002)..............................................................................10

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986).............................................................................................9

*Lippold v. Godiva Chocolatier, Inc.*,
2010 U.S. Dist. LEXIS 47144 (N.D. Cal. Apr. 15, 2010) ........................................................15

*Melendez v. HMS Host Family Restaurants, Inc.*,
2011 U.S. Dist. LEXIS 95493 (C.D. Cal. Aug. 25, 2011)........................................................16

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

*Newcombe v. Adolf Coors Co.*,
    157 F.3d 686 (9th Cir. 1998) ................................................................................................. 10

*Sanchez v. Monumental Life Ins. Co.*,
    102 F.3d 398 (9th Cir. 1996) ......................................................................................... 10, 11

*Simmons v. PCR Tech.*,
    209 F. Supp. 2d 1029 (N.D. Cal. 2002) ......................................................................... 11, 15

*Singer v. State Farm Mut. Auto. Ins. Co.*,
    116 F.3d 373 (9th Cir. Cal. 1997) ....................................................................................... 11

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ............................................................................................. 11

*Zavala v. Deutsche Bank Trust co. Ams.*,
    2013 U.S. Dist. LEXIS 96719 (N.D. Cal. July 10, 2013) ..................................................... 8

**Statutes**

28 U.S.C. § 1332, *et seq.* ...................................................................................................... *passim*

28 U.S.C. § 1441 ..................................................................................................................... *passim*

28 U.S.C. § 1446 ................................................................................................................ 6, 8, 17

28 U.S.C. § 1453 ............................................................................................................................. 6

NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Cintas Corporation No. 3 ("Defendant" or "Cintas"), pursuant to 28 U.S.C. sections 1332, 1441, 1446 and 1453, hereby removes the above-captioned case entitled *Ato Williams on behalf of himself, all others similarly situated, and on behalf of the general public v. Cintas Corporate Services Inc.; Cintas Corporation No. 2; Cintas Corporation No. 3;and Does 1-100*, which is currently pending in the Superior Court of the State of California for the County of Alameda, assigned as Case No. RG17847009, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction because there is complete diversity and the amount in controversy exceeds $75,000.

## I.  SUMMARY OF COMPLAINT

On January 25, 2017, Plaintiff Ato Williams ("Plaintiff" or "Williams") filed a civil complaint on behalf of himself and all others similarly situated in the action entitled *Ato Williams on behalf of himself, all others similarly situated, and on behalf of the general public v. Cintas Corporate Services Inc.; Cintas Corporation No. 2; Cintas Corporation No. 3;and Does 1-100* in the Superior Court of the State of California for the County of Alameda, assigned as State Court Case RG17847009.

Cintas Corporation No. 3 has not been served with a summons or the complaint.[1] Declaration of Michelle M. Full ("Full Decl.") at ¶ 3; Erica O'Brien ("O'Brien Decl.") at ¶ 5.   A true and correct copy of the Summons and Complaint as made available from the state court's electronic docket is attached to the Full Declaration as Exhibit 1.  Defendant Cintas Corporation No. 3 has not been served with any process, pleading, papers or orders to date. *Id.*

Based on information publically available through the Alameda County Superior Court docket, the only other documents filed in the state court action is: (1) a Notice of Hearing for Complex Determination Hearing; (2) a Case Management Conference; and a continuance for the Complex Determination Hearing and (3) a proof of service of the summons and complaint on

---

[1]  To date, only Cintas Corporate Services Inc. has been served with a summons and the complaint.  Full Decl. at ¶¶ 3-4.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Cintas Corporate Services, Inc.  True and correct copies of those document, to the extent they are available from the Alameda County clerk or electronic docket, are attached to Full Declaration as **Exhibit 2**.

Based on information and belief, no defendant other than Cintas Corporate Services, Inc. has been served with process, pleadings or summons.  Full Decl. at ¶¶ 3-5.

Plaintiff seeks to recover unpaid wages, damages, penalties, costs and attorneys' fees from Cintas on behalf of the proposed class based on the following eight causes of action asserted in the Complaint: (1) failure to pay all straight time wages; (2) failure to pay overtime; (3) failure to provide meal periods (California Labor Code §§ 226.7, 512); (4) failure to authorize and permit rest periods (*id.* at § 226.7; IWC Wage Order Nos. 9-1998, 9-2000,9-2001(12); California Code of Regulations Title 8 § 11090); (5) knowing and intentional failure to comply with itemized employee wage statement provisions (Cal. Lab. Code § 226); (6) failure to pay all wages due at the time of termination of employment (*id.* at §§ 201-203); (7) failure to reimburse/illegal deductions (*id.* at §§ 221, 2802, Cal. Regs., tit. 8, § 11090(8)); and (8) violation of unfair competition law (Bus. & Prof. Code § 17200, *et seq.*).  Plaintiff also seeks attorney's fees.  Full Decl., Ex. 1 (Compl. at 59:2-3).  Full Decl., Ex. 1.

Plaintiff also purports to bring and maintain this action as a class action under California Code of Civil Procedure section 382.  Plaintiff proposes the following class:

> All persons who are employed or have been employed by Defendants in the State
> of California as hourly, Non-Exempt truck workers, industrial truck workers,
> industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other
> similar job designations and titles during the period of the relevant statute of
> limitations.

Full Decl., Ex. 1 at 11:24-28.  Plaintiff also seeks to certify 12 sub-classes.  *See* Full Decl., Ex. 1 at pp. 12-16.

Cintas does not concede, and expressly reserves the right to later contest at the appropriate time, Plaintiff's allegations that this lawsuit may properly proceed as a class action.  Cintas also

1   does not concede that any of Plaintiff's allegations constitute a cause of action under applicable

2   law.

3   **II.     REMOVAL IS TIMELY**

4         Defendant Cintas has timely removed this action.  Because each defendant has 30 days

5   after service on that defendant of the initial pleading or summons to file a notice of removal, and

6   Cintas has neither been served nor received a complete copy of the complaint and summons,

7   removal is timely.  28 U.S.C. § 1446.[2]

8         No previous Notice of Removal has been filed or made with this Court for the relief

9   sought herein.  Full Decl., at ¶ 6.

10  **III.    DIVERSITY OF CITIZENSHIP EXISTS**

11        The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As

12  set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a)

13  as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is

14  between citizens of different states.

15                **1.      Plaintiff is a Citizen of California**

16        To establish citizenship for diversity purposes, a natural person must be both: (1) a citizen

17  of the United States, and (2) domiciled in the state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d

18  1088, 1090 (9th Cir. 1983).  "A natural person is deemed to be a citizen of the state where he or

19  she is domiciled, which is where he or she resides with the intention to remain."  *Zavala v.*

20  *Deutsche Bank Trust co. Ams.*, 2013 U.S. Dist. LEXIS 96719, at *9 (N.D. Cal. July 10, 2013)

21  citing *Kantor*, 704 F.2d at 1090 and *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

22  2001)).  For purposes of diversity of citizenship, citizenship is determined by the individual's

23  domicile at the time the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citing

24

25  [2] Moreover, even assuming that Cintas may eventually be served with summons and the
    complaint, Cintas' notice of removal is still timely:  "If defendants are served at different times,
26  and a later-served defendant files a notice of removal, any earlier-served defendant may consent
    to the removal even though that earlier-served defendant did not previously initiate or consent to
27  removal."  28 U.S. Code § 1446(b)(2)(C).  Cintas Corporation No. 3 is a distinct and separate
    entity from Cintas Corporate Services, Inc. and has not been served.  Full Decl. at ¶¶ 2-4; O'Brien
28  Decl. at ¶¶ 4-5.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

7

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

*Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980)).  Plaintiff's Complaint alleges that "[a]t all relevant times herein, Plaintiff ATO WILLIAMS is and was a resident of California."  Full Decl., Ex. 1 at ¶ 27.  Moreover, Plaintiff Williams was employed by Defendant Cintas at Location 54 which is located in Oakland, California.  O'Brien Decl. at ¶ 9.  Plaintiff provided Cintas with information indicating that his permanent residence and domicile is and was within the State of California, and Plaintiff's wage statements and tax withholding information provided to Cintas reflect a permanent residence in California.  *Id.*  Plaintiff is therefore a citizen of California for purposes of diversity jurisdiction.  Plaintiff does not allege any alternative state of citizenship.

### 2.    Defendant Cintas is Not a Citizen of California

A corporation is a citizen of the state where: (i) it has been incorporated; and (ii) its principal place of business is located.  28 U.S.C. § 1332(c).  The principal place of business for a corporation is determined by the location of its "nerve center," which includes the location of its headquarters and the location where its "officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).  Defendant Cintas is and has been prior to the commencement of this action, incorporated in and existing under the laws of the State of Nevada.  O'Brien Decl. at ¶ 3.  In addition, Cintas has its corporate headquarters and principal place of business in Ohio.  *Id.*  The Ohio headquarters is and has been the place where the majority of Cintas' corporate books and records are located, where the majority of its executive and administrative functions are (including, but not limited to, operations, finance, accounting, human resources, payroll, marketing, legal, etc.) and where the majority of its officers and directors direct, control and coordinate the corporation's activities.  *Id.*  As a result, Cintas is not now, nor ever has been, a citizen and/or resident of the state of California within the meaning of the Acts of Congress relating to the removal of class actions.  28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 97.  Accordingly, Cintas is not considered to be a citizen of California for the purposes of determining diversity.

As of the date of this Notice of Removal, the only other party that has been named and that has purportedly been served with the summons and Complaint in this action is Cintas Corporate Services, Inc., which is incorporated in the state of Ohio.  O'Brien Decl. at ¶ 4; Full

1   Decl. at ¶ 5.  Cintas Corporation No. 2 does not appear to have been served and is incorporated in

2   the State of Nevada.  *Id.*  Does 1 through 100 are wholly fictitious as the Complaint does not

3   identify any of the Does 1 through 100 nor does it allege any facts about them.  Thus, these "Doe"

4   defendants are disregarded for purposes of removal and have no effect on the ability to remove.

5   28 U.S.C. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (noting

6   that citizenship of defendants sued under fictitious names "shall be disregarded for purposes of

7   removal").

8          Accordingly, based on the Complaint and the above, complete diversity of citizenship

9   exists because Plaintiff Williams and all named Defendants are citizens of different states.  28

10  U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the

11  matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

12  between—[] citizens of different States . . . .").  Further, a defendant may remove an action from

13  state court to federal court if the defendant is not a citizen where the action was brought.  28

14  U.S.C. § 1441(a)-(b).

15  **IV.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

16         Federal district courts have original jurisdiction over civil actions where the matter in

17  controversy exceeds the sum or value of $75,000, excluding interests and costs.  28 U.S.C. §

18  1332(a); *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333 (1977).  When measuring

19  the amount in controversy, a court should assume the truth of the allegations in the complaint and

20  that a jury will return a verdict in favor of plaintiff on all claims.  *Kenneth Rothschild Trust v.*

21  *Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.2002).  In cases such as this,

22  where the complaint does not specify an amount in controversy, the removing defendant bears the

23  burden of proving by a preponderance of evidence that the amount in controversy requirement is

24  satisfied.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Under this

25  standard, the Court must determine on a "more likely than not" basis whether the amount in

26  controversy exceeds $75,000.  *Id.*  The burden for the defendant seeking removal "is not

27  daunting, and a removing defendant is not obligated to research, state, and prove the plaintiff's

28  claims for damages."  *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

9

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1   Cal. 2010) (internal citations omitted).  The Court should consider the allegations in the

2   Complaint in addition to facts asserted in Cintas' Notice of Removal and other evidence

3   submitted in support thereof.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th

4   Cir. Cal. 1997).  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's

5   complaint, not what a defendant will actually owe."  *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.

6   Supp. 2d 1246, 1249 (C.D. Cal. 2012) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.

7   2d 1199, 1205 (E.D. Cal. 2008)); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)

8   ("the amount-in-controversy inquiry in the removal context is not confined to the face of the

9   complaint").  Plaintiff's failure to specify particular damages permits Cintas to reasonably

10   estimate the amount in controversy.  *See Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 688-

11   690 (9th Cir. 2006) (the preponderance of evidence standard applies where a plaintiff "seeks no

12   specific amount in damages," and a court will consider facts in the removal petition to determine

13   whether jurisdictional requirements are met).

14         In determining the amount in controversy, the Court must consider the general damages,

15   special damages, penalties, punitive damages, and attorneys' fees put "in controversy" by the

16   plaintiff's complaint.  *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491

17   (9th Cir. 1972); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002)

18   ("The jurisdictional minimum may be satisfied by claims for special and general damages,

19   attorneys' fees and punitive damages."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d

20   1004, 1009 (N.D. Cal. 2002) (explaining penalties are properly included in calculating amount in

21   controversy).

22         Of the Plaintiff's claims, analysis of only some is needed to show the requisite aggregate

23   amount in controversy.  Those claims can be broken down into two categories.  First, individual

24   claims related to Plaintiff's wages—for failure to pay all straight time wages; failure to pay

25   overtime compensation; failure to provide meal and rest periods and related compensation; failure

26   to itemize statements; failure to timely pay earned wages upon separation from employment; and

27   failure to reimburse/illegal deductions.  Second, individual claims for violations of the Unfair

28   Competition Law (Cal. Bus. & Prof. Code § 17200).

**A.    The Amount in Controversy Exceeds $75,000**

Even assuming that only an individualized analysis should be considered for purposes of determining whether the $75,000 amount in controversy is satisfied, Cintas still satisfies the requisite showing to justify removal of the action to federal court.  Plaintiff's individual payroll data reflects that his average hourly rate was approximately $14.34 for the "relevant" time period (assuming a three-year statute of limitations) between January 25, 2014 through September 12, 2016 (Plaintiff's purported date of termination).   O'Brien Decl. at ¶ 9.  During this time, Plaintiff worked approximately 138 work weeks and was paid weekly for each of those work weeks.  *Id.*.  During the most recent year of the relevant period (between January 25, 2016 through September 12, 2016 (Plaintiff's purported date of termination)), Plaintiff worked approximately 34 work weeks.  *Id.* In the event a four-year statute of limitations applies to Plaintiff's claims (for violations of Unfair Competition Law, pursuant to Cal. Bus. & Prof. Code § 17200), Plaintiff worked approximately an additional 52 work weeks from approximately January 25, 2013 to January 24, 2014.[3]  *Id.*

Cintas does not concede that Plaintiff's allegations have any merit.  Based on this information obtained from the payroll records, however, calculations of the amount in controversy brought by Plaintiff William's individual causes of actions are as follows[4]:

**Plaintiff's Claim Alleging Failure to Pay All Straight Time Wages:  $9,894.6**

- Based on Plaintiff's allegations of a "continuous policy of not paying . . . for all hours worked" including a "widespread policy of 'clocking-out'" for time worked "before 'shifts' start, after 'shifts' end" (Full Decl., Ex. 1, ¶¶ 86-89), assuming five hours of owed straight time pay, five days a week, the amount in controversy is

---

[3]  Around May 5, 2013, it appears that Plaintiff changed positions from a "Loader/Unloader" to a "Sanis SSR."  O'Brien Decl. at ¶ 9.  For purposes of this Notice of Removal, because Plaintiff continuously asserts throughout his Complaint that Cintas' wrongfully acted "for at least four years prior to the filing of this action," Plaintiff's time as a Loader/Unloader is included for the purpose of these calculations.  Cintas neither concedes nor waives its ability to later contest the appropriate "relevant time period" or scope of Plaintiff's claims and relevant job positions.

[4]  Because only some of Plaintiff's causes of action are needed to show the requisite aggregate amount in controversy, certain claims have been excluded from this analysis.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

11

approximately $9,894.60, ($14.34 average rate of pay x 5 hours per week x 138 total workweeks = $9,894.60).

**Plaintiff's Claim Alleging Unpaid Overtime:  $14,841.90**

- Based on Plaintiff's allegations of a "continuous policy of not paying" and "systematic deductions in pay" (Full Decl., Ex. 1, ¶¶ 96-100), assuming five hours of unpaid overtime per week, the amount in controversy is approximately $14,841.90, (($14.34 average rate of pay x 1.5) x 5 hour of OT per week x 138 total workweeks = $14,841.90).

**Plaintiff's Claim Alleging Failure to Provide Meal and Rest Breaks:  $19,789.20**

- Plaintiff alleges that Defendants' "business model was such that Non-Exempt Employees were assigned too much work that could not reasonable be completed in their assigned shirt . . . resulting in [] *routinely* and *regularly* being forced to eat their meals while driving."  Full Decl., Ex. 1, ¶¶ 108; *see also id.* ¶¶ 109-119 (referring to Cintas' "*pattern and practice*" and other systematic problems that occurred on a regular basis.   Assuming Plaintiff Williams missed five meal breaks and five rest breaks a week for his work weeks, his meal and rest break amount in controversy is approximately $19,789.20 ($14.34 average rate of pay x 5 violations per week x 138 total workweeks = $9,894.60; $9,894.60 x 2 = $19,789.20).

**Plaintiff's Claim Alleging Failure to Properly Itemized Employee Wage Statements: $3,350**

- Plaintiff also seeks penalties under Labor Code section 226(e) for failure to provide accurate, itemized wage statements.  He alleges that Cintas "knowingly and intentionally did not itemize the gross wages earned on wage statement . . . in every pay period." *Id.*, ¶ 139.  Penalties for Section 226 violations run at $100 per employee per pay period (after an initial $50 per employee for the first pay period) (Lab. Code § 226(e)) and the statute of limitations is one year.  Cal. Code Civ. Proc. § 340.  Cintas provided wage statements to Plaintiff on a weekly basis,

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

however, in his last year he only worked 34 pay periods. O'Brien Decl. at ¶ 9. Because Plaintiff alleges he was never provided a compliant wage statement, his wage itemization claim would be for **$3,350** ($50 + (33 pay periods * $100)).

**Plaintiff's Claim for Untimely Payment of Final Wages:  $3,441.60**

- Plaintiff's claim for the untimely payment of final wages puts approximately $3,441.60 in controversy ($14.34 average rate of pay x 8 hours a day x 30 days = $3,441.60).

**Plaintiff's Claim for Unfair Business Act (§ 17200):  $16,777.80**

- Assuming only the additional fourth year of restitution that could be brought by Plaintiff Williams pursuant to his § 17200 claim because the remaining three years are already encompassed by other causes of action, the calculation for the additional year of straight time wages assuming five hours of owed straight time pay, five days a week, the amount in controversy is approximately $3,728.40, ($14.34 average rate of pay x 5 hours per week x 52 total workweeks = $3,728.40).

- The calculation for the additional year of unpaid overtime (assuming five hours of OT are owed per pay period) would be approximately $5,592.60 (($14.34 average rate of pay x 1.5) x 5 hours of OT per week x 52 workweeks (for the relevant time period) = $5,592.60).

- The calculation for the additional year of meal and rest break violations (assuming five violations per pay period) would be approximately $7,456.80 ($14.34 average rate of pay x 5 violations per week x 52 workweeks (for the relevant time period) = $3,728.40; meal *and* rest break claim is $3,728.40 x 2 = $7,456.80).

**Attorneys' Fees:  $17,023.78**

Plaintiff also seeks attorneys' fees. In determining whether a complaint meets the $75,000 threshold for diversity removal, a court may consider the aggregate value of claims for compensatory damages as well as attorneys' fees throughout the entirety of the litigation. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) ("The Court can use

13

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1    its discretion to determine, within its own experience, that an award of attorneys' fees alone will

2    satisfy the amount in controversy requirement."); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150,

3    1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy,

4    regardless of whether award is discretionary or mandatory); *Simmons v. PCR Tech*., 209 F. Supp.

5    2d 1029, 1034-1035 (N.D. Cal. 2002) ("Such fees necessarily accrue until the action is resolved.

6    Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond

7    removal.") (citing *Galt G/*S, 142 F.3d at 1155-56).

8         Attorneys' fees awards in similar cases, alleging individual wage and hour violations,

9    frequently exceed $75,000.  *See e.g., Barboza v. W. Coast Digital GSM, Inc*., No. B227692, 2011

10   Cal.App. Unpub. LEXIS 2187, at *19; 2011 WL 1051275, at *6 (Cal. Ct. App. Mar. 24, 2011)

11   (awarding $79,528 in attorneys' fees was reasonable for counsel's work on individual claims);

12   *accord Lippold v. Godiva Chocolatier, Inc*., No. C10-00421, 2010 U.S. Dist. LEXIS 47144, at

13   *10-11; 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (concluding that defendant's estimate

14   of attorneys' fees in a wage and hour case in an amount exceeding $75,000 was a good faith

15   estimate).

16        Assuming a rate of $250 per hour and 300 hours of work, counsel for Plaintiff could

17   potentially be entitled to $75,000.00.  Even assuming the amount in controversy requirements

18   calculated thus far, the amount of attorneys' fees (and punitive damages) need only be $6,904.90

19   ($75,000 minus the sub-total amount of $68,095.10) and will more likely than not exceed the

20   jurisdictional threshold.  *See Melendez v. HMS Host Family Restaurants, Inc*., Case No. CV 11-

21   3842 ODW (CWx) 2011 U.S. Dist. LEXIS 95493, at *9-12 (C.D. Cal. Aug. 25, 2011) ("the fees

22   and a punitive damages award of at least $28,000.00, combined with approximately $47,424.00 in

23   lost wages, will more likely than not exceed the jurisdictional minimum").

24        • Accordingly, it is reasonable to apply a 25% benchmark.  A calculation of

25           attorneys' fees to include in the amount in controversy is $17,023.78 ($68,095.10

26           x 25% = $17,023.78).

27

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

**SUMMARY OF AMOUNT IN CONTROVERSY FOR DIVERSITY REMOVAL**

For each of the foregoing reasons, while Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy, on Plaintiff's individual claims exceeds $75,000, exclusive of interest and costs, as required by U.S.C. section 1332(a).  The following is a summary of the amount in controversy related to those claims and causes of action for which calculations are provided herein, including the estimated amounts placed in controversy by these claims and causes of action at the date the Complaint was filed:

| | |
|---|---|
| $9,894.60 | **Failure to Pay All Straight Time Wages** |
| $14,841.90 | **Failure to Pay Unpaid Overtime** |
| $19,789.20 | **Failure to Provide Meal and Rest Breaks** |
| $3,350 | **Failure to Properly Itemized Employee Wage Statements** |
| $3,441.60 | **Untimely Payment of Final Wages** |
| $16,777.80 | **Unfair Business Act (§17200)** |
| $68,095.10 | **SUBTOTAL** |
| $17,023.78 | **Attorneys' Fees** |
| $85,118.88 | **TOTAL** |

Notwithstanding Defendant's denial of Plaintiff's allegations, including Plaintiff's averments that he and some purported class members are entitled to class action claims, Plaintiff's allegations, theories and prayer for relief have placed into controversy an amount far in excess of $75,000.  Moreover, as is obvious to this Court, even a small class of similarly situated individuals would likewise make the amount in controversy far exceed $75,000 even if some of the assumptions regarding the potential scope of damages is challenged by Plaintiff to try to prevent removal.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  **V.     VENUE IS PROPER**

2         This action was originally filed in the Superior Court for the County of Alameda.

3  Accordingly, venue is proper in this district, the Northern District of California, because it

4  embraces the place in which the action has been pending.  28 U.S.C. § 1441(a).

5  **VI.    ALL NOTICE AND PROCEDURAL REQUIREMENTS HAVE BEEN MET**

6         Defendant will promptly serve copies of this Notice of Removal upon all parties and will

7  promptly serve and file a copy with the Superior Court of the State of California, County of

8  Alameda, pursuant to 28 U.S.C. § 1446(d).

9         If any question arises as to the propriety of the removal of this action, Defendant Cintas

10 requests the opportunity to present a brief or supplemental evidence in support of its position that

11 this case is subject to removal.

12        Nothing in this Notice of Removal is intended or should be construed as any type of

13 express or implied admission by Cintas of any fact or the validity or merits of Plaintiff's claims,

14 causes of action, allegations (individual and as pertaining to a class).  Defendant expressly

15 reserves all rights, remedies and defenses in connection with this action.

16        WHEREFORE, Defendant Cintas Corporation No. 3 respectfully requests that the Court

17 assume full jurisdiction over this action as if Plaintiff had originally filed his claims in this Court

18 and that the above-captioned action be removed to the United States District Court.

19 Dated:  March 24, 2017                        SQUIRE PATTON BOGGS (US) LLP

20

21                                              By: _____/s/ Michelle M. Full_____

22                                                      Michelle M. Full

23                                              Attorneys for Defendant
                                                CINTAS CORPORATION NO. 3

24

25

26

27

28