UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATO WILLIAMS,<br><br>               Plaintiff,<br><br>      v.<br><br>CINTAS SERVICES CORPORATE<br>SERVICES, INC., et al.,<br><br>               Defendants. | Case No.  4:17-cv-01623-JSW   (KAW)<br><br>**ORDER REGARDING 7/13/18 JOINT<br>DISCOVERY LETTER**<br><br>Re: Dkt. No. 34 |

On April 20, 2018, the parties filed a joint discovery letter concerning Plaintiff's Interrogatory No. 1, which seeks contact information for "all persons who are employed or have been employed by [Defendant] in the State of California as hourly, non-exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles" during the class period. (Joint Letter, Dkt. No. 34 at 1.)

Upon review of the joint letter, and for the reasons set forth below, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and orders Defendants to produce the contact information as set forth below.

## I.   BACKGROUND

Plaintiff Ato Williams worked for Defendant Cintas Corporation No. 3 from approximately October 2011 to September 2016. Plaintiff worked as both a "Loader," a position in which he would be responsible for loading and unloading vehicles and trucks, and as a "SANIS SSR," an abbreviated method of referring to a service sales representative whose main focus was providing sanitation services. All SSRs including SANIS SSR's, used a vehicle or truck in the execution of their duties.

When Plaintiff was hired, Defendant provided him with an employee handbook containing a great deal of Cintas's policies and procedures. Under the section titled "Lunch Periods and Breaks," it reads "[p]artner's supervisors will inform them of the time and length of lunch periods and breaks, which will be administered in accordance with the relevant state law, as applicable." Defendant produced documents detailing the "pay plan" for "rental SSRs" in California, "which includes Industrial, Facility Services, Tile and Capret, Sanis, and Wholesale. This policy also includes the compensation process of Route Skippers, Route Helpers, and SSRs in training." (*See* Dkt. No. 28, Ex. 3.)

On April 20, 2018, the parties filed a joint letter concerning Plaintiff's request for contact information for all putative class members. On May 11, 2018, the undersigned terminated that letter, because the parties did not address the proportionality requirement in Rule 26 and did not indicate how many putative class members were located in the 90 California locations. (Dkt. 32 at 1.) As a result, the Court was "unable to determine whether the production of the information sought is proportional to the needs of the case or if another method, such as sampling, would be more appropriate than producing the contact information for all putative class members." *Id.*

Thereafter, the parties met and conferred regarding proportionality, but they continue to disagree on the class definition with Defendant arguing that it is too broad. (Joint Letter at 3.) On July 13, 2018, the parties filed a second joint letter on the same issue. (Joint Letter at 1.) Therein, Defendant provides that the putative class is more than 2,000 employees. *Id.* at 5. Moreover, even if the Court were to conclude that the class definition included all non-exempt employees in California, that would be approximately 5,000 employees. *Id.* Plaintiff is amenable to the possibility of a sampling, but is unable to evaluate whether sampling is appropriate, because he believes that "Defendant is still attempting to limit the scope of Plaintiff's class." *Id.* at 3.

The class has not been certified, and the parties are engaged in pre-certification discovery. The hearing on Plaintiff's motion for class certification is currently scheduled for October 12, 2018. *Id.*

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has

the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

### III. DISCUSSION

Plaintiff's Interrogatory No. 1 seeks contact information for "all persons who are employed or have been employed by [Defendant] in the State of California as hourly, non-exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles" during the class period. (Joint Letter at 1.)

#### i. Plaintiff is entitled to contact information

Defendant argues that Plaintiff's class definition is overly broad, because it purports to include "truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers" and "industrial workers." (Joint Letter at 3.) Plaintiff seeks the production of contact information for all non-exempt employees that fall within the class definition in California subject

3

1    to a *Belaire-West* notice, the cost of which would be borne by Plaintiff. *Id.*

2        The United States Supreme Court has recognized the importance of permitting class

3    counsel to communicate with potential class members for the purpose of gathering information,

4    even prior to class certification. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102–03 (1981); *see also*

5    *Vinole*, 571 F.3d at 942 ("Although a party seeking class certification is not always entitled to

6    discovery on the class certification issue, the propriety of a class action cannot be determined in

7    some cases without discovery."); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313

8    (9th Cir. 1977) ("the better and more advisable practice for a District Court to follow is to afford

9    the litigants an opportunity to [obtain material through discovery in order to demonstrate] whether

10    a class action was maintainable . . . especially when the information is within the sole possession

11    of the defendant.").

12        Here, the crux of the dispute is whether Plaintiff's class definition is appropriate.  During

13    the meet and confer process, Defendant agreed to include the positions listed in Exhibit 3 to the

14    prior joint letter, but would not confirm whether the list is comprised of all class members Plaintiff

15    seeks to represent. (Joint Letter at 2.)  As a result, Plaintiff does not know how many putative class

16    members there are, and believes that Defendant is impermissibly attempting to limit the scope of

17    his class. *Id.* at 3.  Indeed, Plaintiff is attempting to represent all class members who were subject

18    to the same wage and hour policies that he was. (*See* Dkt. No. 28 at 2.)

19        In opposition, Defendant acknowledges that there are approximately 5,000 non-exempt

20    employees in California. (Joint Letter at 5.)  During the meet and confer, Defendant "agreed to

21    expand the scope of the class to include a representative sample of all SSRs (who would be subject

22    to the pay plan specified by Plaintiff's counsel) and Loaders/Unloaders in California. The total

23    number of employees encompassed by this new offer is over 2,000 employees." (Joint Letter at 4.)

24    Defendant contends that a sample is superior to a *Belaire-West* notice process given that the

25    hearing on Plaintiff's motion for class certification is scheduled on October 12, 2018. *Id.* at 5.

26    Given the timing, the Court agrees.

27        Notwithstanding, the undersigned cannot fathom why Defendant would not confirm

28    whether Plaintiff's list of positions encompasses those employees who were subject to similar

wage and hour policies that worked in classifications that had similar job responsibilities, such as using trucks and vehicles. As a result, the undersigned finds that Plaintiff's request to obtain contact information for all non-exempt employees that fall within the class definition in California, as defined by Plaintiff, is reasonable and orders the parties to further meet and confer regarding the positions and the number of employees within 7 days of this order. If the parties are unable to reach an agreement, the putative class, for the purposes of Interrogatory No. 1, will consist of all non-exempt employees in California.

In light of the foregoing, the Court finds that Plaintiff is entitled to contact information insofar as it is proportional to the needs of the case.

### ii. Sample Size

Plaintiff seeks contact information for all non-exempt employees that fall within the class definition in California, subject to a *Belaire-West* notice, while Defendant proposes a 5-10% sample size. Given the relatively small number of employees—a maximum of approximately 5,000—for the sake of proportionality, the Court finds that the a 25% sample is fair and proportional to the needs of the case if, the parties' further meet and confer efforts result in a putative class between 3,000 and 6,000 employees. If the size of the putative class is agreed to be less than 3,000 employees, a 50% percent sample is appropriate. In determining class size, Defendant should produce the number of employees in each position. If the parties cannot narrow the number of employees through their meet and confer efforts, contact information for 25% of the non-exempt employees in California shall be provided. The sample shall be random, and without regard for position or geographical location. The parties are ordered to meet and confer regarding how the random sample should be selected.

### IV. CONCLUSION

In light of the foregoing, Defendant is ordered to further meet and confer, within 7 days of this order, regarding the positions to be included in the putative class. If the parties cannot reach an agreement, contact information shall be produced for 25% of the non-exempt employees in California. If the parties do reach an agreement and successfully narrow the number of putative class members, the sample shall be as provided above. *See* discussion *supra* Part III.ii. Contact

information for the random sample shall be without regard to position or geographic area, and shall be produced within 21 days of this order.

IT IS SO ORDERED.

Dated: August 3, 2018

KANDIS A. WESTMORE
United States Magistrate Judge